UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:  GREGORY BRIAN MYERS

_____

GREGORY BRIAN MYERS,

     Appellant,

v.                                    Case No:  2:25-cv-1225-JES
                                      Bankr. No:  2:21-bk-0123-FMD

DARYL J. SMITH, CHAPTER 13
STANDING TRUSTEE, Interested
Party

     Appellee.

_____

## OPINION AND ORDER

This matter comes before the Court on appeal from the Bankruptcy Court's Order (1) Denying Debtor's Motion to Vacate Orders Denying Confirmation and Dismissing Case; and (2) Denying Debtor's Motion for Reconsideration of Order Closing Case (Doc. #1-2) issued on November 4, 2025.  Appellant, Mr. Myers, raises two issues on appeal: (1) whether the Order is void under Fed. R. Civ. P. 60(b)(4); and (2) that due process was denied.

### *I.*

The undersigned is fully familiar with the litigation history of Mr. Myers and therefore will get straight to the point.  From

the first confirmation hearing on May 13, 2021, through the sixth confirmation hearing on August 25, 2022, Mr. Myers was represented by counsel.  The confirmation hearing was continued again through December 1, 2022, but in the interim counsel was permitted to withdraw, and Mr. Myers was granted an extension of time to complete filings for a yet again continued hearing.  "On January 19, 2023, nearly two years after Debtor filed this case, the Court conducted the seventh confirmation hearing" and Mr. Myers represented himself.  (Doc. #6-1, p. 12.)  On January 20, 2023, the Bankruptcy Court denied confirmation of the Third Amended Plan and dismissed the Chapter 13 case.  On February 1, 2023, by Supplemental Order, the Chapter 13 case was dismissed effective January 19, 2023, and Mr. Myers was barred from re-filing for bankruptcy for two years.  (Id. at pp. 15-16.)

The dismissal was appealed to the district court, dismissed by the undersigned for failure to prosecute, and affirmed by the Eleventh Circuit on December 31, 2024.  See In re Myers, 2:23-cv-143-JES (M.D. Fla.).  The case was returned to the Bankruptcy Court, and on August 3, 2025, an Order Approving Account, Discharging Trustee, Cancelling Bond, and Closing Estate was issued to close the case.

It was not until August 18, 2025, "nearly ten months after the Eleventh Circuit affirmed the dismissal of [Mr. Myers's] appeal of the Dismissal Orders, and more than two years after the [Bankruptcy] Court entered the Dismissal Orders, [Mr. Myers] filed the Dismissal Motion under Rule 60(b)(4) and the Case Closing Motion under 59(e)."  (Doc. #6-1, p. 17.)

## II.

The Bankruptcy Court denied both the Rule 60(b) Motion to Vacate the orders denying confirmation and dismissing the Chapter 13 case and the Rule 59(e) Motion to Reconsider the Order Approving Account, Discharging Trustee, Cancelling Bond, Closing Estate. The Rule 60(b) motion was denied because the motion was not filed within a reasonable time, and even if it had been filed within a reasonable time, the record demonstrated that Mr. Myers was not deprived of notice or an opportunity to be heard.  (Doc. #6-1, p. 20.)  The Bankruptcy Court noted that Mr. Myers did not raise any due process concerns until 31 months after entry of the dismissal orders and more than eight months after the Eleventh Circuit dismissed his appeal.  (Id.)

Typically, a ruling on a Rule 60(b) motion is reviewed for abuse of discretion. However, a Rule 60(b)(4) motion is reviewed

- 3 -

de novo because judgments are either legal nullities or not, and the question of the validity of a judgment is a legal one. Burke v. Smith, 252 F.3d 1260, 1263 (11th Cir. 2001) (internal citations omitted). See also Stansell v. Revolutionary Armed Forces of Colombia, 771 F.3d 713, 725 (11th Cir. 2014) ("Whether a due process violation occurred is reviewed de novo." (citation omitted)).

**A. Reasonable Time to File Rule 60(b)(4) Motion**

"Federal Rule of Civil Procedure 60(b) permits 'a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" Kemp v. United States, 596 U.S. 528, 533 (2022) (quoting Gonzalez v. Crosby, 545 U.S. 524, 528 (2005)). A court may relieve a party "from a final judgment, order, or proceeding" based six enumerated reasons, including because "the judgment is void." Fed. R. Civ. P. 60(b)(4). A motion brought under Rule 60(b) "must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "To satisfy the reasonable time requirement, a party generally must exercise diligence" and cannot "'sleep on their rights.'" Martin v. State,

- 4 -

No. 23-14187, 2026 WL 482266, at *2 (11th Cir. Feb. 20, 2026) (citing <u>United Student Aid Funds, Inc. v. Espinosa</u>, 559 U.S. 260, 275 (2010)).

The timing of appellant's Rule 60(b) motion was anything but reasonable.  The motion was filed on August 18, 2025, more than two *years* after the underlying Memorandum Opinion Denying Confirmation and Dismissing Case was issued (January 20, 2023) and appealed to the District Court (Notice of Appeal filed on March 3, 2023).  The motion was also filed almost eight *months* after the dismissal by the District Court was affirmed by the Eleventh Circuit (Mandate issued on January 29, 2025), and two months after the matter was remanded to the Bankruptcy Court for the Final Report and Account.  The motion also comes after the bar against filing for bankruptcy relief expired on January 19, 2025. Additionally, this is the first time Mr. Myers has argued that the order dismissing the Chapter 13 case was void for lack of due process.

**B. Due Process**

"Generally, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with

- 5 -

due process of law." McConico v. Top Golf Int'l Inc., No. 22-11954, 2023 WL 3035381, at *1 (11th Cir. Apr. 21, 2023) (citing Burke, 252 F.3d at 1263). "'A void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule.'" Bainbridge v. Governor of Fla., 75 F.4th 1326, 1335 (11th Cir. 2023) (citation omitted). A judgment is not void "simply because it is or may have been erroneous," nor is the motion a "substitute for a timely appeal." Espinosa, 559 U.S. at 270 (citations omitted). "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." Id. at 271 (citations omitted). "Rule 60(b)(4) strikes a balance between the need for finality of judgments and the importance of ensuring that litigants have a full and fair opportunity to litigate a dispute. Where, as here, a party is notified of a plan's contents and fails to object to confirmation of the plan before the time for appeal expires, that party has been afforded a full and fair opportunity to litigate,

and the party's failure to avail itself of that opportunity will not justify Rule 60(b)(4) relief." Id. at 276.

Mr. Myers argues that "[t]his appeal is not about whether the Bankruptcy Court was frustrated with Appellant, whether Appellant objected to claims, or whether the case had been pending a long time. It is about whether, at a hearing noticed only for confirmation, the Bankruptcy Court could sua sponte deny confirmation, dismiss the case, impose a refiling bar, and then later enter a Supplemental Order adding still more substantive consequences – all without advance notice that dismissal was under consideration and without the process section 1307(c) requires." (Doc. #122, p. 2.)

"[O]n request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause," including for one of eleven listed reasons. 11 U.S.C. § 1307(c). The Bankruptcy Court specifically addressed how "the Court considered four different versions of Debtor's Chapter 13 plan at a total of seven confirmation hearings, each of which Debtor or his counsel

attended.   The various deficiencies with Debtor's four plans – including Debtor's bad faith – were not only discussed at the confirmation hearings, but also in the Kings' Dismissal Motion and in the multiple objections to confirmation.   Debtor was provided with numerous opportunities to present a confirmable plan to the Corut, but he failed to do so."   (Doc. #1-2, p. 23.)

Mr. Myers was represented by counsel when the confirmation process began, he was provided opportunities to amend the plan over and over, the confirmation hearing was continued numerous times to allow the amendments and for Mr. Myers to address deficiencies in the plan, and ultimately, after several hearings, where Mr. Myers represented himself, the case was dismissed.  Mr. Myers is well-versed with both self-representation and maneuvering through federal courts.  Mr. Myers knew how and when to appeal and did so, twice.  The Eleventh Circuit issued the mandate on January 29, 2025, for the underlying order yet Mr. Myers waited until August 18, 2025, before arguing that his due process rights were violated and therefore the confirmation and dismissal were void.

Mr. Myers sat on his rights and wants to take more than the second and third bite of the apple he already had.  After a *de novo* review, this Court finds that the motion was not filed within

- 8 -

a reasonable time and that Mr. Myers was afforded a full and fair opportunity to litigate his rights.

Accordingly, it is hereby

**ORDERED:**

The Bankruptcy Court's Order (1) Denying Debtor's Motion to Vacate Orders Denying Confirmation and Dismissing Case; and (2) Denying Debtor's Motion for Reconsideration of Order Closing Case (Doc. #1-2) is **affirmed.** The Clerk shall enter judgment accordingly and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __2nd__ day of June 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record

- 9 -